IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE DANIEL JOHNSON,

  Plaintiff,       No. CIV S-10-1183 MCE GGH P

 vs.

DIRECTOR OF CDCR, et al.,

  Defendants.     ORDER

_____/

  Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1        In reviewing a complaint under this standard, the court must accept as true the
2   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4   and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5   1843 (1969).
6        Plaintiff claims that he has been informed that he is incarcerated under a sentence
7   of death but that he has no sentencing records to confirm that. Complaint, p. 4. He claims that
8   CDCR[1] has requested legal paperwork supporting his confinement for ten years and that a
9   counselor named Lane at Solano State Prison altered (unspecified) documentation. Id.
10  Defendant Lane allegedly told plaintiff that a complaint had been delivered to CDCR from both
11  Sacramento and Yolo counties, showing plaintiff had been sentenced to 25 years to life. Id. But
12  plaintiff alleges that a Yolo County judge only sentenced him to six years. Id. An unnamed
13  appellate attorney withheld legal documents when she was asked for proof of a 25-year to life
14  sentence, apparently telling the appeals court that there were only oral trial records of the
15  sentence. Id. As relief, plaintiff asks for all of the CDCR transcripts of his sentencing as well as
16  a "body 123 receipt" and "a probation order." Id. Plaintiff specifically asks for any record of a
17  death sentence. Id. Besides Lane, plaintiff names as defendants the Director of CDCR, the Yolo
18  County Sheriff's Department and Attorney Hilda Sheib. Id. at 1-2. It is unclear whether Ms.
19  Sheib is the appellate attorney to which he refers above.
20       In any case, at a minimum plaintiff's filing violates Rule 8 of the Federal Rules of
21  Civil Procedure. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.
22  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,
23  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
24  the relief plaintiff seeks. All that is required are sufficient allegations to put defendants fairly on

---

[1] California Department of Corrections and Rehabilitation.

3

notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).   In this case, the basis for this court's jurisdiction is not properly alleged nor does the complaint contain sufficient allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

In addition, plaintiff does not challenge the conditions of his confinement within this purported action pursuant to 42 U.S.C. § 1983:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Plaintiff's vague allegations regarding not having legal documentation supporting his current incarceration do not relate to the conditions under which he is confined.  On the face of it, he appears to be challenging the duration of his confinement which can only be done in a petition pursuant to 28 U.S.C. § 2254.  If plaintiff wishes to proceed under § 1983 in this action, plaintiff must name defendants who he alleges have in some way have violated his constitutional rights in the manner of his confinement and he must specify how each has done so.  Although it appears doubtful on the face of it that plaintiff does not seem to know whether he was sentenced to a six-year term, a 25-year-to-life sentence or a death sentence, the length of his sentence does

\\\\\

\\\\\

not implicate § 1983.² Plaintiff will be given leave to amend his complaint, but should he fail to file one, or fail to frame colorable claims in an amended complaint, this court will recommend dismissal of this action for plaintiff's failure to state a claim. Should plaintiff elect to proceed by way of a habeas petition under 28 U.S.C. § 2254, he may only do so by filing a new and separate action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

---

² This claim appears to be especially dubious in light of a copy of one of the articles, apparently from the Woodland Daily Democrat, that plaintiff provides as an exhibit to his complaint, wherein it is reported that he received a six-year prison sentence (with three more years to be served on probation) for a felony escape in Yolo County, following his having been sentenced to a term of 25-years-to-life for weapons charges in Sacramento. Complaint, p. 30. The court notes that in an appeal response, it is suggested that plaintiff contact the Sacramento and/or Yolo County courts with regard to any questions he may have regarding the respective sentencing transcripts, and CDCR states that it was provided with abstracts of judgment and minute orders from both courts reflecting plaintiff's sentencing. Id., at 10. If there is some confusion in the record as to the relationships between the sentences of Sacramento County and Yolo County, it would appear that plaintiff should proceed to address that to the respective state courts. The court takes judicial notice that plaintiff, as petitioner, has previously brought a petition before the undersigned, which was denied by order filed on August 24, 2005, challenging his 2001 conviction for escape, Case No. CIV-S-03-1106 LKK GGH P, in which his sentences for both convictions, in Sacramento County and Yolo County, are plainly set forth. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint, or failure to file an amended complaint which sets forth colorable claims, will result in a recommendation that the action be dismissed for failure to state a claim.

DATED: August 9, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
john1183.bnf